UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CAR-FRESHNER CORPORATION
and JULIUS SÄMANN LTD.,

                Plaintiffs,

v.

SKATE MENTAL, INC., BRAD STABA, BIG TIME
DISTRIBUTING, INC., ANTHONY TAVAREZ

                Defendants.

Civil Action No: 7:15-cv-206 (TJM/TWD)

## COMPLAINT AND JURY DEMAND

Plaintiffs CAR-FRESHNER Corporation ("CFC") and Julius Sämann Ltd. ("JSL")

(collectively, "Plaintiffs") by and through their counsel Hancock Estabrook, LLP, for their

Complaint against defendants Skate Mental, Inc., Brad Staba, Big Time Distributing, Inc., and

Anthony Tavarez (collectively, "Defendants"), allege as follows:

### JURISDICTION AND VENUE

1.      This action arises under the Lanham Trademark Act, 15 U.S.C. § 1051 *et seq.*,

related state statutes and the common law, as well as the Copyright Act, 17 U.S.C. § 101 *et seq.*

This Court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a) and

(b), and 28 U.S.C. § 1367(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### PARTIES

3.      Plaintiff CFC is a Delaware corporation that has its principal place of business at

21205 Little Tree Drive, Watertown, New York 13601-0719.

4.      Plaintiff JSL is a Bermuda corporation that has a place of business at Victoria

Place, 31 Victoria Street, Hamilton HM10, Bermuda.

5.      Upon information and belief, defendant Skate Mental Inc. ("Skate Mental") is a California Corporation with its principal place of business located at 201 South 2nd Street, Richmond, California, 94804.

6.      Upon information and belief, Defendant Skate Mental designs, manufactures, offers for sale, and/or distributes skate boards and related accessories, apparel, and merchandise, including a line of air fresheners.

7.      Upon information and belief, Defendant Skate Mental markets, advertises, offers for sale and/or sells its products, apparel and merchandise, including its line of air fresheners, through distributors, as well as on the internet through its website, www.skatemental.com.

8.      Upon information and belief, defendant Brad Staba ("Staba") is a citizen of California who resides at 1331 Northside Ave, Berkeley, California, 94702.

9.      Upon information and belief, Staba is the President of Skate Mental, controls its corporate affairs, has primary responsibility for the operation and management of Skate Mental, and has a direct financial interest in that corporation.

10.     Upon information and belief, defendant Big Time Distributing ("BTD") is a California Corporation with its principal place of business located at 412 Velasco Drive, San Jose, California, 95123.

11.     Upon information and belief, BTD advertises, offers for sale and/or sells Skate Mental's products, apparel and merchandise, including its line of air fresheners, through BTD's website, bigtimedistribution.com.

12.     Upon information and belief, defendant Anthony Tavarez ("Tavarez") is a citizen of California who resides at 412 Velasco Drive, San Jose, California, 95123.

13.     Upon information and belief, Tavarez is the President of BTD, controls its corporate affairs, has primary responsibility for the operation and management of BTD, and has a direct financial interest in that corporation.

14.     Upon information and belief, Defendants promote and sell Skate Mental's line of air fresheners through the Skate Mental and BTD websites, and by other means, to customers located in this judicial district.

## PLAINTIFFS' BUSINESS, TRADEMARKS, AND TRADE DRESS

15.     For over 60 years, directly and/or by license from JSL and its predecessors, CFC and its predecessors have manufactured and marketed products using distinctive Tree designs as trademarks and corporate identifiers, including the world famous air fresheners in the distinct Tree design shape sold under the LITTLE TREES brand ("LITTLE TREES Air Fresheners") in distinctive product packaging.  As a result of this long and extensive use across the United States, Plaintiffs' products are well-known and well-received.

16.     Plaintiffs' LITTLE TREES Air Fresheners are available in forty-five well-known fragrances and distinctive designs.

17.     JSL owns several federal trademark registrations for its distinctive Tree designs, many of which are incontestable pursuant to 15 U.S.C. § 1065.

18.     JSL also has common law trademark rights in and to its Tree designs and its distinctive product packaging, which are used in commerce in connection with various goods and services.

19.     Plaintiffs' and their respective predecessors' rights in the Tree designs date back to at least as early as August 29, 1952.

20.     Plaintiffs have spent, and continue to spend, significant amounts of time and money developing, testing, and promoting their goods sold under the Tree designs and in their distinctive product packaging.

21.     Plaintiffs insist on rigorous testing and quality control procedures to ensure that the LITTLE TREES Air Fresheners and their distinctive product packaging consistently meet or exceed the company's high standards.

22.     As a result of the long, extensive, and widespread use of the distinctive Tree designs and distinctive product packaging, the general consuming public in the United States recognizes these designs and product packaging as exclusively associated with Plaintiffs and their high quality products.

23.     Plaintiffs' LITTLE TREES Air Fresheners are marketed with Plaintiffs' distinctive yellow product packaging with the brand name appearing diagonally across the top in white on a red background, with Plaintiffs' distinctive Tree design mark in the corner of its prominently yellow packaging, as a corporate logo.

24.     Plaintiffs' distinctive product packaging ("Plaintiffs' Trade Dress") is depicted below:



25.     Plaintiffs have used their distinctive Trade Dress in connection with their LITTLE TREES Air Fresheners since as early as 1975.

26.     Plaintiffs' products, together with Plaintiffs' distinctive Trade Dress, are sold in most countries throughout the world and appear frequently on television, in movies, and in popular culture as a symbol of high-quality goods.

27.     The LITTLE TREES Air Fresheners and Plaintiffs' Trade Dress are widely recognized by the consuming public as designations of the source of Plaintiffs' products.

28.     Plaintiffs' distinctive Tree designs and Plaintiffs' Trade Dress are famous throughout the United States.

29.     Plaintiffs extensively advertise and promote their LITTLE TREES Air Fresheners and distinctive Trade Dress in the marketplace and on the internet.

30.     Plaintiffs' Trade Dress is famous under 15 U.S.C. § 1125(c)(1), inherently distinctive and/or has acquired distinctiveness, represents valuable goodwill, has gained a reputation for quality belonging exclusively to JSL, and is widely recognized by the general consuming public of the United States as a designation of the source for Plaintiffs' products.

31.     Plaintiffs' distinctive product packaging represents an original work of authorship fixed in a tangible medium of expression and is copyrightable subject matter under the Copyright Laws of the United States.

32.     U.S. Copyright Registration No. VA-1-739-626 (the "'626 Copyright") duly issued for Plaintiffs' product packaging with an effective date of October 1, 2010, and remains valid and subsisting.  A true and correct copy of the Certificate of Registration for Plaintiffs' product packaging is attached as **Exhibit A.**

## THE DEFENDANTS' ACTIVITIES

33.     Plaintiffs do not object to the fact that, like the LITTLE TREES Air Fresheners, the air fresheners manufactured and/or sold by Defendants ("Defendants' Air Fresheners") are made with an elastic string designed to be hung from surfaces such as car rear view mirrors.  Nor is it problematic that Defendants' Air Fresheners are packed in plastic bags with a clear front and then stapled to a card like the LITTLE TREES Air Fresheners.

34.     What is problematic and unlawful is that Defendants' Air Fresheners are sold in packaging that is confusingly similar to Plaintiffs' Trade Dress and which incorporates protectable elements of the packaging covered by the '626 Copyright.

35.     Defendants' packaging mimics precisely the yellow background, red horizontal bar and white lettering, which Plaintiffs adopted and have used since as early as 1975 and which are covered by the '626 Copyright.  Defendants' packaging similarly incorporates a smaller image of the air freshener along the red horizontal bar.  A comparison of Defendants' air freshener packaging (the "Infringing Product Packaging") with Plaintiffs' Trade Dress can be seen below:

| Plaintiffs' Product Packaging Trade Dress | Defendants' Infringing Product Packaging |
|:---:|:---:|
|  |  |

36.     Upon information and belief, the Infringing Product Packaging is used in connection with Defendants' entire line of air freshener products, as demonstrated below:

   

37.     Upon information and belief, Defendants' products, together with the Infringing Product Packaging, are distributed, promoted, offered for sale, and sold throughout the United States.

38.     Upon information and belief, Staba and Tavarez either took part directly and/or specifically directed their employees or other agents to take part in the infringing, unfairly competitive and dilutive activities alleged in this Complaint.

39.     On or about January 30, 2015, Plaintiffs sent email correspondence to Staba at "contact@bigtimedistribution.com" and "sales@bigtimedistribution.com," the email address provided on both Skate Mental and BTD's websites, protesting Defendants' use of the Infringing Product Packaging and inviting good faith discussions in the interest of finding an amicable resolution to the parties' dispute.  To date the parties have been unable to reach a resolution.

40.     The Infringing Product Packaging makes use of Plaintiffs' Trade Dress without permission, authorization, or license from Plaintiffs.

41.     Defendants were aware of Plaintiffs and Plaintiffs' Trade Dress when they designed, sourced, distributed, promoted, offered for sale, and sold goods in connection with the Infringing Product Packaging.

42.     Defendants' unauthorized use of Plaintiffs' Trade Dress in connection with Defendants' goods is intentionally designed to create an association with Plaintiffs and to confuse and deceive consumers into the mistaken belief that the goods sold in connection with

{H2489899.1}                                        7

the Infringing Product Packaging originate from, are authorized or endorsed by, or are otherwise connected with Plaintiffs.

43.    As a direct result of the unauthorized use of the Infringing Product Packaging, both wholesale purchasers and end-consumers familiar with Plaintiffs' goods are likely to incorrectly assume that the Infringing Product Packaging originated from Plaintiffs, that there is an affiliation between the parties, or that Plaintiffs have sponsored, endorsed, or approved the Infringing Product Packaging and/or goods sold in connection therewith.

44.    Defendants by their acts complained of herein have infringed Plaintiffs' Trade Dress, diluted the distinctive quality of Plaintiffs' Trade Dress, unfairly competed with Plaintiffs in the marketplace, and otherwise improperly used the reputation and good will of Plaintiffs to promote their goods, which are not authorized, approved, licensed, produced, or sponsored by Plaintiffs.

45.    The aforesaid acts of Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to CFC and JSL, for which Plaintiffs have no adequate remedy at law.

## CLAIMS FOR RELIEF

### CLAIM I
### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (Federal)

46.    Plaintiffs repeat and reallege the allegations of paragraphs 1 through 45 as if set forth herein.

47.    Defendants' unlawful and improper actions, as set forth above, are likely to cause confusion, mistake or deception as to the source, origin or sponsorship of Defendants' goods, and to falsely mislead consumers into believing that Defendants' Infringing Product Packaging and goods originate from, are affiliated or connected with, or are approved by, Plaintiffs.

48.     Accordingly, Defendants' activities constitute an infringement of Plaintiffs' Trade Dress and unfair competition in violation of 15 U.S.C. § 1125(a).

49.     Defendants' acts of infringement and unfair competition have caused Plaintiffs to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

50.     Defendants have engaged in these activities willfully, so as to justify the assessment of treble damages under 15 U.S.C. § 1117.

51.     Defendants' acts of infringement and unfair competition, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for which they have no adequate remedy at law.

## CLAIM II
## TRADEMARK DILUTION (Federal)

52.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 51 as if set forth herein.

53.     Plaintiffs are the owners and licensees of the rights in and to Plaintiffs' Trade Dress that is distinctive and has become famous.

54.     Defendants' use of the Infringing Product Packaging was deliberate and intentional and designed to dilute the distinctive quality of Plaintiffs' Trade Dress while causing Defendants to profit.

55.     Defendants willfully and intentionally traded on and diluted the distinctive quality of Plaintiffs' Trade Dress and tarnished Plaintiffs' Trade Dress causing harm to their reputation.

56.     Defendants' willful dilution of Plaintiffs' Trade Dress is a violation of 15 U.S.C. § 1125(c) and by reason of the same, Plaintiffs are entitled to the remedies set forth in 15 U.S.C. §§ 1116, 1117(a) and 1118.

## CLAIM III
## UNFAIR COMPETITION (COMMON LAW)

57.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 56 as if set forth herein.

58.      Defendants' activities complained of herein constitute forms of unfair competition under the common law of the State of New York.

59.     Defendants fraudulently engaged in this activity willfully and wantonly with morally culpably behavior, so as to justify the assessment of punitive damages against them, in an amount to be determined at trial.

60.     Defendants' aforesaid violations of New York State common law, unless enjoined by this Court, will continue to cause irreparable injury and damage to Plaintiffs that cannot be remedied by money damages alone, leaving Plaintiffs with no adequate remedy at law.

## CLAIM IV
## TRADEMARK DILUTION (COMMON LAW)

61.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 60 as if set forth herein.

62.     Defendants' activities have diluted and are likely to continue diluting Plaintiffs' distinctive Trade Dress and have injured and continue to injure the business reputation of Plaintiffs' in violation of New York General Business Law §360-l.

63.     Defendants' violations of New York General Business Law §360-l have caused Plaintiffs to sustain damages, loss and injury, in an amount to be determined at trial.

64.     Defendants' violations of New York General Business Law §360-l have caused Plaintiffs to sustain irreparable harm, for which Plaintiffs have no adequate remedy at law.

## CLAIM V
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

65.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 64 as if set forth herein.

66.     Defendants' activities constitute deceptive acts or practices in the conduct of business, trade, or commerce, or in the furnishing of services, in the State of New York.

67.     Plaintiffs have been injured by reason of Defendants' deceptive acts or practices.

68.     Defendants' aforesaid violations of New York General Business Law § 349 have caused Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at trial.

69.     Defendants engaged in this activity willfully and knowingly, so as to justify the assessment of increased damages against them, in an amount to be determined at trial.

## CLAIM VI
## COPYRIGHT INFRINGEMENT

70.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 69 as if set forth herein.

71.     JSL is the owner of the '626 Copyright for the packaging of Plaintiffs' LITTLE TREES Air Fresheners, which includes among other things, a yellow background with a red horizontal bar in the upper third of the packaging, and white lettering within the red horizontal bar.

72.     Defendants Skate Mental and Staba had access to and copied protectable elements of Plaintiffs' product packaging covered by the '626 Copyright, without Plaintiffs' authorization or consent.

73.     Defendants Skate Mental and Staba have created, distributed, and continue to distribute air fresheners in the Infringing Product Packaging that incorporate elements identical to protectable matter contained in Plaintiffs' '626 Copyright.

74.     The activities of Defendants Skate Mental and Staba complained of herein have infringed and continue to infringe Plaintiffs' rights in the '626 Copyright in violation of 17 U.S.C. § 501.

75.     The infringement of the '626 Copyright by Defendants Skate Mental and Staba has caused Plaintiffs to sustain damages, loss, and injury, in an amount to be determined at trial.

76.     The infringement of the '626 Copyright by Defendants Skate Mental and Staba has caused Plaintiffs to sustain irreparable harm, for which Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs CAR-FRESHNER Corporation and Julius Sämann Ltd. demand judgment against Defendants Skate Mental, Inc., Brad Staba, Big Time Distributing, Inc., and Anthony Tavarez for:

A.     A preliminary and permanent injunction against Defendants and each of their respective directors, officers, servants, employees, agents, affiliates, and attorneys, and all persons in active concert or participation with them, and their successors and assigns:

  i.     Restraining and enjoining the production, import, sale, license, distribution, export, promotion, and display of the Infringing Product Packaging;

  ii.     Restraining and enjoining the use of Plaintiffs' Trade Dress, or any other colorable imitation or confusingly similar variation thereof, without Plaintiffs' permission; or in any other manner suggesting in any way that Defendants and/or their activities or products

{H2489899.1}                    12

originate from, are affiliated with or authorized by Plaintiffs, or that Plaintiffs and or/their activities or products are affiliated in any way with Defendants, without Plaintiffs' permission;

        iii.     Restraining and enjoining the use, in connection with any goods or services of Defendants, of any false or deceptive designation, description or representation, whether by words or symbols, that suggests or implies any relationship with Plaintiffs or gives Defendants an unfair advantage in the marketplace;

        iv.     Retraining and enjoining Defendants from violating New York General Business Law §§ 349 and 360-l;

        v.     Restraining and enjoining Defendants from engaging in any acts of common law unfair competition that would damage or injure Plaintiffs;

        vi.     Restraining and enjoining Defendants from inducing, encouraging, instigating, aiding, abetting, or contributing to any third-party usage of Plaintiffs' Trade Dress;

        vii.     Restraining and enjoining Defendants Skate Mental and Staba from infringing the '626 Copyright as provided in 17 U.S.C. § 502;

B.     The seizure, delivery, and destruction of all materials that infringe the '626 Copyright or that Infringe on and/or dilute Plaintiff's Trade Dress pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503;

C.     An award of Defendants' profits or other advantages and Plaintiffs' damages resulting from Defendants' unlawful acts set forth herein, in an amount to be proven at the time of trial;

D.     An award of statutory damages as against Defendants Skate Mental and Staba, if elected by Plaintiffs, pursuant to 17 U.S.C. §504(c);

E.     An award of treble damages in an amount to be proven at the time of trial;

{H2489899.1}        13

F.        An award of exemplary and punitive damages and/or increased profits, in an

amount to be proven at the time of trial;

G.        Plaintiffs' attorneys' fees and disbursements;

H.        Prejudgment interest;

I.        Plaintiffs' costs; and

J.        Such other and further relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiffs demand trial by jury.


Dated:  February 23, 2015                                  HANCOCK ESTABROOK, LLP

                                                          By:     s/ Ashley D. Hayes
                                                                  Ashley D. Hayes (511333)

                                                          1500 AXA Tower I
                                                          100 Madison Street
                                                          Syracuse, New York 13202
                                                          Tel: (315) 565-4500


{H2489899.1}                                14

# Exhibit A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-739-626

**Effective date of registration:**

October 1, 2010

## Title

**Title of Work:** Little Trees Bar One Rack Packaging

## Completion/Publication

**Year of Completion:** 2005

**Date of 1st Publication:** October 31, 2005       **Nation of 1st Publication:** United States

## Author

- **Author:** Car-Freshner Corporation

  **Author Created:** text/poetry, 2-dimensional artwork

  **Work made for hire:** Yes

  **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Julius Samann Ltd.

P.O. Box HM 2085, Hamilton, HM HX, Bermuda Islands

**Transfer Statement:** Written agreement

## Limitation of copyright claim

**Material excluded from this claim:** two-dimensional artwork and text that appear in the 1994 work.

**New material included in claim:** new 2-dimensional artwork, text

## Rights and Permissions

**Organization Name:** Kenyon & Kenyon LLP

**Name:** James E. Rosini

**Email:** copyrightdocketny@kenyon.com       **Telephone:** 212-425-7200

**Address:** One Broadway

New York, NY 10004  United States

## Certification

|  |  |
|---|---|
| **Name:** | James E. Rosini |
| **Date:** | September 28, 2010 |
| **Applicant's Tracking Number:** | EV 207192566US (15019/8) |

**Correspondence:** Yes

